IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ROBERT DIMOND,**

        **Plaintiff,**

**v.**                                                                                       **CIV. No. 96-1013 JP/WWD**

**ALLSUP'S CONVENIENCE STORES, INC.,**

        **Defendant.**

### MEMORANDUM OPINION AND ORDER

    Trial was set in this case for January 12, 1998 at 1:00 p.m.  Attorney John Speer was present as counsel of record for the plaintiff, Robert Dimond, who did not appear.  Attorneys Carman Lavender and Joanne Angel appeared for the defendant, which was ready to proceed with its witnesses.

    At the hearing I found that the defendant had properly subpoenaed the plaintiff to court at 1:00 p.m. on January 12, 1998 and that the plaintiff was in violation of that subpeona.  I further noted that plaintiff himself was the only witness identified on plaintiff's witness list.  I then found that under Fed. R. Civ. P. 41(b), that by failing to appear in court at the time scheduled for trial, the plaintiff had failed to prosecute his case.  In addition, I noted on the record a chronology of delays by plaintiff throughout the course of this case.  I also stated that the Plaintiff's Opposition Papers to the Motion to Withdraw by His Attorney of Record and Plaintiff's Memorandum Brief Opposing the Motion by Plaintiff's Attorney to Withdraw, filed pro se on January 9, 1998, were without merit.  I now find that plaintiff's case should be dismissed with prejudice for failure to

prosecute under Rule 41(b).

At the hearing I also granted Mr. Speer's Motion to Withdraw [Doc. No. 129], finding that plaintiff had failed to cooperate or communicate with Mr. Speer. That ruling is the subject of a separate Order [Doc. No. 133].

I also ruled that the defendant may file a cost bill and a motion for attorney's fees no later than January 20, 1998.

Finally, at the hearing I noted that the cost of assembling a panel of prospective jurors, $1,319.86, should be assessed against Plaintiff, Robert Dimond, personally.

It is therefore ORDERED that:

(1) Plaintiff's complaint is DISMISSED WITH PREJUDICE;

(2) Plaintiff Robert Dimond is personally liable in the amount of $1,319.86, the cost of empaneling a prospective jury on January 12, 1998, which Robert Dimond must pay into the registry of this Court by not later than February 20, 1998; and

(3) Defendant may file a cost bill and a motion for attorney's fees no later than January 20, 1998.

_____
UNITED STATES DISTRICT JUDGE