IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT DIMOND,

           **Plaintiff,**

v.                                                                           **CIV. No. 96-1013 JP/WWD**

ALLSUP'S CONVENIENCE STORES, INC.,

           **Defendant.**

## MEMORANDUM OPINION AND ORDER

        The subjects of this Memorandum Opinion and Order are: (1) plaintiff Robert Dimond's "Motion for Order Disqualifying the Honorable James A. Parker from Acting in This Case Based on the Appearance of Bias" [Doc No. 154], filed March 10, 1998; and (2) plaintiff's "Motion for Leave to Appeal in Forma Pauperis" [Doc. No. 149], filed February 13, 1998.  After a careful reading of the law and the briefs, I find that both motions should be denied.

        On January 20, 1998 I entered a Memorandum Opinion and Order in which I dismissed the plaintiff's claims with prejudice because he had failed to appear for trial on January 12, 1998 despite the fact that the defendant had properly subpoenaed him.  On February 13, 1998 the plaintiff filed a notice of appeal from that Memorandum Opinion and Order.  Plaintiff now seeks to appeal in forma pauperis.  Such proceedings are governed by 28 U.S.C. §1915(a)(1), which provides that anyone wishing to proceed in forma pauperis must submit an affidavit that includes a statement of all assets he possesses.  The affidavit submitted by the plaintiff fails to meet the requirements of §1915(a)(1). Specifically, plaintiff fails to list income earned in 1998, his interest in assets owned in community with his spouse, the value of any Social Security benefits he receives, the value of the home in which he

lives, or the value of any settlements he may have received as a result of other litigation.  Thus, plaintiff's request to appeal in forma pauperis should be denied.

Furthermore, 28 U.S.C. §1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  I dismissed plaintiff's claims with prejudice after he failed to appear at trial on January 12, 1998.  On that date I found that the defendant had properly subpoenaed the plaintiff to court at 1:00 p.m. on January 12, 1998 and that the plaintiff was in violation of that subpoena.  I further noted that plaintiff himself was the only witness identified on plaintiff's witness list.  I then found that under Fed. R. Civ. P. 41(b), that by failing to appear in court at the time scheduled for trial, the plaintiff had failed to prosecute his case.  I now find that the plaintiff's appeal from that Memorandum Opinion and Order is not in good faith and his motion to appeal in forma pauperis should be denied under 28 U.S.C. §1915(a)(3).

Finally, plaintiff's "Motion for Order Disqualifying the Honorable James A. Parker from Acting in This Case Based on the Appearance of Bias" is without merit or substance and should be denied.

Therefore, it is hereby ORDERED that plaintiff's "Motion for Order Disqualifying the Honorable James A. Parker from Acting in This Case Based on the Appearance of Bias" [Doc No. 154] and his "Motion for Leave to Appeal in Forma Pauperis" [Doc. No. 149] are DENIED.

_____
UNITED STATES DISTRICT JUDGE