IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ROBERT DIMOND,**

        **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　**CIV. No. 96-1013 JP/WWD**

**ALLSUP'S CONVENIENCE STORES, INC.,**

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

The subject of this Memorandum Opinion and Order is Plaintiff's "Renewed Motion for Leave to Appeal & Proceed in Forma Pauperis & for the Disqualification of Judge Parker," [Doc. No. 156], filed March 17, 1998.

In support of this motion, plaintiff presents an affidavit containing financial information missing from his first motion, including: (1) gross earnings of $3,055.00 between January 1 and April 3, 1998; (2) $12,446.65 of assets owned in community with his spouse; (3) monthly Social Security benefits in the amount of $703.00; and (4) $100.00 per month gross income from a former job as an insurance salesman. Plaintiff also revealed that his wife owns the home in which he lives, but the value of the home was not stated. Plaintiff represents that he has received no income from the settlement of any litigation during 1997 or 1998.

Relying solely upon a case from the Louisiana State Supreme Court, McCoy v. Winn-Dixie Louisiana, Inc., 345 So.2d 1175 (La. 1977), plaintiff argues that in New Mexico he has no

legal right to use assets owned in community with his spouse to pursue his appeal in this case. Plaintiff's argument is without merit.  The law of the State of New Mexico clearly provides that, except in circumstances not presented by the evidence in this case, "either spouse alone has full power to manage, control, dispose of and encumber the entire community personal property." NMSA 1978, §40-3-14A.  See Irwin v. Irwin, 121 N.M. 266, 269, 910 P.2d 342, 245 (Ct. App. 1995).  Plaintiff has presented no evidence that the community assets he describes are under his wife's sole control, NMSA 1978, §40-3-14B, or encumbered in a manner in which both spouses must consent to the disposition of the property.  NMSA 1978, §40-3-14C.  Therefore, the plaintiff's community assets may be considered his motion to appeal in pauperis under 28 U.S.C. §1915(a)(1).  These assets, considered in conjunction with plaintiff's monthly income, reveal that plaintiff does not qualify to proceed in forma pauperis in this action.

In addition, 28 U.S.C. §1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  In the Memorandum Opinion and Order entered January 20, 1998 I found that plaintiff had failed to prosecute his case and that dismissal of the case was appropriate.  In the Memorandum Opinion and Order entered March 11, 1998 I found that plaintiff's appeal was frivolous.  I again deny plaintiff's motion to appeal in forma pauperis on that alternative ground.

Finally, plaintiff's motion to disqualify me for the appearance of bias is without merit and should be denied.

Therefore, it is hereby ORDERED that plaintiff's "Renewed Motion for Leave to Appeal & Proceed in Forma Pauperis & for the Disqualification of Judge Parker," [Doc. No. 156] is DENIED.

_____
UNITED STATES DISTRICT JUDGE