IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ROBERT DIMOND,**

        **Plaintiff,**

**v.**                                                                                **CIV. No. 96-1013 JP/WWD**

**ALLSUP'S CONVENIENCE STORES, INC.,**

        **Defendant.**

**MEMORANDUM OPINION AND ORDER**

The subject of this Memorandum Opinion and Order is Allsup's Convenience Stores, Inc.'s "Motion for Attorney's Fees and Costs" (Doc. No. 139). On January 20, 1998, I entered a Memorandum Opinion and Order dismissing Plaintiff Robert Dimond's Complaint with prejudice after he failed to appear for trial on January 12, 1998. The Defendant filed its motion for attorneys fees and costs on January 22, 1998. On April 30, 1998 the Clerk of Court entered an Order taxing costs against the Plaintiff in the amount of $2,449.66. On June 11, 1998 I entered an Order affirming the award of costs and denying Plaintiff's objections to the Clerks' Order. After a review of the facts, the law, and the briefs, I conclude that the Defendant's request for attorney's fees should be denied.

A defendant accused of violating the Americans with Disabilities Act is entitled to attorney's fees under Christianburg Garment Co. v. EEOC, 434 U.S. 412, 422, 98 S.Ct. 694, 701 (1978), only if the plaintiff's claims are "frivolous, unreasonable or groundless, or that the plaintiff continued to litigate after it clearly became so." Summers v. Teichert & Son, Inc., 127 F.3d

1150, 1154 (9th Cir. 1997).  Although the Plaintiff's claims against the defendants were very weak and Defendant prevailed because Plaintiff did not appear at trial and testify in support of his claims, I do not believe that this action falls within the category of cases for which attorneys fees may be awarded against a plaintiff under Christianburg.

    IT IS THEREFORE ORDERED that Defendant's "Motion for Attorney's Fees and Costs" (Doc. No. 139) is DENIED with respect to Defendant's request for attorney's fees.

_____
UNITED STATES DISTRICT JUDGE