# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**ROBERT L. DIMOND,**

> **Plaintiff,**

**vs.**                                        **No. CIV 96-1013 JP/WWD**

**ALLSUP'S CONVENIENCE STORES,**

> **Defendant.**

## MEMORANDUM OPINION

On June 14, 1999, plaintiff filed "Plaintiff's Pro Se Affidavit of Bias or Prejudice Pursuant to 28 U.S.C. §144 Requiring the Disqualification of the Honorable James A. Parker, District Judge and That He Proceed No Further in this Case" (Docket No. 187). In this Memorandum Opinion, I analyze the timeliness of the affidavit and the sufficiency of the affidavit.

**I.     Timeliness**.

> A.     <u>Background</u>

On March 10, 1998, plaintiff filed a motion requesting disqualification of the trial judge, Judge Parker, on the basis of an appearance of bias without stating the statutory or other legal basis for the motion. The motion filed March 10, 1998 was denied by a Memorandum Opinion and Order entered March 12, 1998 that also denied plaintiff's motion for leave to appeal *in forma pauperis*. Next, on March 17, 1998, plaintiff filed a second motion requesting Judge Parker to disqualify and renewing plaintiff's request for leave to appeal *in forma pauperis*, again without citing a statutory or other legal basis for the motion to disqualify. Plaintiff's motion to disqualify filed March 17, 1998 was denied by a Memorandum Opinion and Order entered April 13, 1998

which also denied plaintiff's renewed motion to appeal *in forma pauperis*. Plaintiff filed his first notice of appeal on February 13, 1998 appealing the trial court's order entered January 21, 1998 that dismissed plaintiff's complaint with prejudice. On July 23, 1998, plaintiff filed his second notice of appeal appealing the order entered June 30, 1998 which denied plaintiff's motion to reconsider the court's earlier denial of his application for review of the clerk's order settling costs. However, plaintiff did not file a notice of appeal from the order entered March 12, 1998 that denied plaintiff's original motion to disqualify Judge Parker on the basis of bias nor did he file a notice of appeal from the order entered April 13, 1998 denying plaintiff's second motion to disqualify Judge Parker on the basis of bias. Nevertheless, in plaintiff's appellate briefs filed in Case No. 98-2043, United States Court of Appeals for the Tenth Circuit (Appellant/Petitioner's Opening Brief filed June 12, 1998 and Reply Brief of the Plaintiff-Appellant, Robert L. Dimond, filed September 30, 1998), plaintiff as the appellant in the Court of Appeals, argued that the trial judge had been biased and specifically requested that the Court of Appeals "remove Judge Parker as the judge in this case." See page 4 of Form A-12, Appellant/Petitioner's Opening Brief – 1/97, response to question no. 8. On June 4, 1999, the United States Court of Appeals for the Tenth Circuit entered an Order and Judgment remanding the case to Judge Parker for evaluation of his dismissal of this action with prejudice under the factors set forth in Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir. 1992). The Order and judgment made no mention of plaintiff-appellant's request that the Court of Appeals "remove Judge Parker as the judge in this case."

      B.    Analysis

      A request for recusal under 28 U.S.C. §144 "must be filed promptly after the allegedly disqualifying facts are discovered." Hinman v. Rogers, 831 F.2d 937, 938 (10th Cir. 1987). See

United States v. Gigax, 605 F.2d 507, 511 (10th Cir. 1979); Green v. Dorrell, 969 F.2d 915, 919 (10th Cir. 1992); Frates v. Weinschienk, 882 F.2d 1502, 1506 (10th Cir. 1989); Franks v. Nimmo, 796 F.2d 1230, 1234 (10th Cir. 1986).

Plaintiff obviously was aware of the grounds alleged as bias not later than March 10, 1998 when he filed "Motion by Plaintiff Pro Se for an Order Disqualifying the Honorable James A. Parker from Acting in this Case Based on the Appearance of Bias." Although plaintiff did not cite 18 U.S.C. §144 in that motion or in "Plaintiff's Renewed Motion for Leave to Appeal and Proceed *In Forma Pauperis* and for the Disqualification of Judge Parker" filed a week later on March 17, 1998, plaintiff cannot contend that he was unaware of 18 U.S.C. §144 because it was pointed out to him, explicitly, in defendant's memorandum in opposition to plaintiff's motion to disqualify Judge Parker. That memorandum filed March 20, 1998 states in its concluding sentence "Plaintiff's present motion should be summarily dismissed for failure to follow the Local Rules and failure to submit an affidavit as required by 28 U.S.C. §144, and the plaintiff should not be given the opportunity to continue filing motions for the sake of litigating." Notwithstanding the fact that the lawyer for the defendant specifically drew the plaintiff's attention to 18 U.S.C. §144 and despite the fact that on April 13, 1998 Judge Parker entered an order denying plaintiff's renewed motion to disqualify, plaintiff continued to file motions requesting relief from the same trial judge. On May 5, 1998, plaintiff filed a motion to review the clerk's order settling costs which had been entered April 30, 1998. On June 12, 1998, Judge Parker entered an order denying the plaintiff's motion requesting a review of the clerk's order settling costs. On June 22, 1998, the plaintiff filed a motion for reconsideration of the denial of his application for review of the clerk's order settling costs which Judge Parker denied by an order entered June 30, 1998. On

July 23, 1998, plaintiff filed yet another motion for leave to appeal *in forma pauperis* which was denied by an order entered by Judge Parker on July 28, 1998. Plaintiff did not file an affidavit in accordance with 18 U.S.C. §144 until June 14, 1999. Clearly the affidavit was not "filed promptly after the allegedly disqualifying facts [were] discovered." Hinman, 831 F.2d at 938. Consequently, it appears without question that plaintiff's affidavit filed June 14, 1999 was untimely. However, even if the filing of plaintiff's affidavit on June 14, 1999 were considered to be timely, the affidavit is legally insufficient to require recusal under 28 U.S.C. §144.

## II.     Insufficiency of Affidavit

### A.     Legal Standard

Title 28, U.S.C. §144 states:

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith."

The mere filing of an affidavit under 28 U.S.C. §144 does not automatically require recusal because it is the duty of the judge who is allegedly biased to pass on the sufficiency of the affidavit. See National Auto Brokers Corp. v. General Motors Corp., 572 F.2d 953, 958 (2nd Cir. 1978); United States. v. Haldeman, 559 F.2d 31, 131 (D.C. Cir. 1976); Davis v. Board of School Comm'rs of Mobile County, 517 F.2d 1044, 1051 (5th Cir. 1975); United States v. Torbert, 496 F.2d 154, 156-57 (9th Cir. 1974); Behr v. Mine Safety Appliances Co., 233 F.2d 371, 372-73 (3rd Cir. 1956); Andrews, Mosburg, Davis, Elam, Legg & Bixler, Inc. v. General Ins. Co. of America,

418 F.Supp. 304, 306 (W.D. Okla. 1976); Davis v. United States, 415 F. Supp. 982, 984 (E.D. Okla. 1975).  See also In Re American Ready Mix, Inc., 14 F.3d 1497 (10th Cir. 1994) (affirming bankruptcy judge's decision not to disqualify himself); United States v. Burger, 964 F.2d 1065 (10th Cir. 1992) (affirming district judge's decision not to disqualify himself); Hinman v. Rogers, 831 F.2d 937 (10th Cir. 1987) (same).

A trial judge is equally obligated not to recuse when alleged facts of bias are insufficient as judge must excuse when facts warrant recusal.  American Ready Mix, 14 F.3d at1501; Hinman, 831 F.2d at 939;  Davis, 415 F.Supp. at 984; In re: Union Leader Corporation, 292 F.2d 381, 391 (1st Cir. 1961).  The decision to recuse is committed to the discretion of the judge being asked to recuse.  Burger, 964 F.2d at 1070; Hinman, 831 F.2d 937, 938 (10th Cir.1987).  Under 28 U.S.C. § 144, the affidavit in support of recusal must be strictly construed against the affiant, and "there is a substantial burden on [Plaintiff] to demonstrate that the judge is not impartial."  Burger, 964 F.2d at 1070; Weatherhead v. Globe International, Inc., 832 F.2d 1226, 1227 (10th Cir.1987).

In assessing the affidavit's sufficiency, the judge may not consider the truth of the facts alleged.  Hinman, 831 F.2d at 939; United States v. Gigax, 605 F.2d 507, 511 (10th Cir. 1979).  An allegation of personal bias must be based on an "extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case."  United States v. Grinnell Corp., 384 U.S. 563, 583 (1966).  "Adverse rulings alone are insufficient grounds for disqualification, as is evidence that the judge criticized or was angry with a party."  In re American Ready Mix, Inc., 14 F.3d 1497, 1501 (10th Cir. 1994) (internal citations omitted).  Similarly, delays or omissions by a judge are not grounds for disqualification.  Aspinall v. United States, 984 F.2d 355 (10th Cir. 1993) (citing Kennedy v. Meacham, 540 F.2d 1057,

1060 (10th Cir. 1976)). In addition, "conclusions, rumors, beliefs, and opinions are not sufficient to form a basis for disqualification." Hinman, 831 F.2d at 939. "The test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." Id.

B.    Analysis

Beginning in paragraph 3 of plaintiff's affidavit of bias, plaintiff enumerated seventeen separate alleged grounds of bias which will be discussed in the order presented in the affidavit.

**First.**

The first ground stated by plaintiff as evidence of bias is that "Judge Parker believes that deponent is a disbarred attorney by reason of having converted clients' funds." Plaintiff cited to the transcript of a final pretrial conference held during the call of a trial calendar on January 6, 1998, page 4 at lines 23-25. The transcript reflects that the following:

Judge Parker:

"We need to take up the plaintiff's Motion in Limine. This is the way -- Well, let me ask for clarification of it. It's not entirely clear to me what all this is intended to cover. Specifically, was the motion intended to cover evidence of the plaintiff's disbarment as an attorney for having converted the client's funds?"

The lines of the transcript cited by plaintiff reflect that Judge Parker was confused about whether evidence of plaintiff's disbarment for converting clients' funds was the subject of plaintiff's motion in limine. In the defendant's response to the plaintiff's motion in limine filed December 29, 1997, the defendant had stated "Plaintiff was disbarred as an attorney by the State of New Mexico for taking exorbitant fees from estates and for improperly converting money to his own use as shown by Exhibit E attached hereto." In defendant's memorandum in opposition to plaintiff's motion in limine, also filed December 29, 1997, defendant had contended "Plaintiff's

disbarment based upon converting funds and charging exorbitant fees to estates also goes to plaintiff's truthfulness and is therefore admissible under Rule 608." Plaintiff's motion in limine to which the defendant had responded had asked the court to "prohibit defendant from presenting evidence of or mentioning at trial any dealings or other actions between the plaintiff and persons other than the defendant tending to show that the plaintiff has made other claims or is a litigious person, and instruct witnesses not to mention such matters." Judge Parker asked for clarification of the breadth of the motion in limine because the language of the motion in limine did not seem broad enough to cover the issue of disbarment, but in response to the motion in limine, the defendant had stated that it intended to present evidence of disbarment. Asking a question about the plaintiff's disbarment for clarification of the subject of his motion in limine was a necessary judicial function and is not evidence of bias and should not be a basis for disqualification.

**Second.**

The second ground stated by plaintiff as evidence of bias is that "Judge Parker believes that deponent has been involved in '. . . a great many proceedings (lawsuits) . . .' prior to this case." Plaintiff cited to the transcript of the January 6, 1998 hearing, page 5, lines 10-17, in support of this point. The language quoted by plaintiff ". . . a great many proceedings . . ." was actually a statement by the plaintiff's own attorney, Mr. Speer, not something said by Judge Parker. Judge Parker was attempting to understand what was covered by the plaintiff's motion in limine. The language quoted by plaintiff appears in the transcript at the point where Mr. Speer responded to Judge Parker's question about what is within the plaintiff's motion in limine:

"MR. SPEER:     Evidences of transactions with other persons.

THE COURT:     Well, when you say transactions, does that mean all lawsuits in

which he was previously involved or claims, or what does it involve?

> MR. SPEER: Well, there are <u>a great many proceedings</u> listed by the defendant in the pretrial order and in the IPTR, whatever that was, and in other documents. I only have a general idea of the scope that the defendant is intending to present."

(emphasis supplied).

The fact that the plaintiff's lawyer stated, in answer to the court's question about the scope of plaintiff's motion in limine, that "there are a great many proceedings" is not evidence of bias on the part of the judge.

**<u>Third</u>**.

The <u>third</u> ground stated by plaintiff as evidence of bias is that "Judge Parker was falsely advised by defendant's trial attorney, Ms. Carmen Lavendar, of serious falsehoods of great prejudicial magnitude . . ." In support of this contention, plaintiff cites to the transcript of the January 6, 1998 pretrial conference beginning at line 22 on page 5 and extending through line 20 on page 12. During this part of the hearing, Judge Parker questioned the attorney for the defendant about the nature of the evidence that defendant wanted to present regarding plaintiff's litigation history. Judge Parker then ruled that the defendant could not, in its case in chief, present evidence of the plaintiff's extensive prior litigation, but instead could use that for impeachment purposes in cross examining the plaintiff. Judge Parker stated:

> With respect to the various incidents or transactions that are the subject of the plaintiff's Motion in Limine, I am not going to permit you to mention those to the jury prior to the beginning of your cross-examination of Mr. Dimond. And at that time I will make an assessment as to how he has testified on direct.

The fact that counsel for the defendant argued that she wanted to introduce evidence of the plaintiff's history of litigation does not show bias on the part of Judge Parker. Judge Parker

actually ruled that the defendant's attorney could not present that evidence in the defendant's case-in-chief, but would be limited to using it for impeachment during the cross-examination of the plaintiff, if Judge Parker, at that point during the trial — after having heard Plaintiff's direct testimony—determined it was appropriate impeachment evidence.

**Fourth.**

The fourth ground stated by plaintiff as evidence of bias is Judge Parker's statement that he was going to deny a proposed motion to amend the plaintiff's complaint even though Judge Parker had not "seen" the motion. This arose during a discussion at the final pretrial conference— six days before the scheduled trial—of an exhibit that plaintiff wanted to offer. Counsel for the defendant objected on the ground that the exhibit dealt with a legal theory the plaintiff had not pled, an alleged *per se* violation of the Americans With Disabilities Act. Counsel for the plaintiff stated that he was intending to move to amend to allow the theory of a *per se* violation. Judge Parker then asked "Where is the motion to amend?" and the plaintiff's attorney responded that it was in the process of being briefed. (Transcript of proceedings held January 6, 1998 at p. 16). This was followed by a discussion that the deadline for filing motions had passed eight months earlier during April, 1997 and that there had been no request to extend the deadline for filing motions. Judge Parker stated:

> "Well, there wasn't any request to extend the deadline for filing motions. I mean here we are, the week before trial, and I'm asked to rule on a motion to amend the complaint to assert a new claim."

Transcript of proceedings held January 6, 1998 at p. 17.

Judge Parker then said:

"I have not been presented a copy of the motion, I haven't even seen it. It's not fully

9

briefed, as I understand it. What discovery has been done on that claim?"

Transcript of proceedings held January 6, 1998 at pp. 17-18.

Judge Parker concluded that it was simply too late and therefore said:

"I am going to deny the motion to amend that I haven't even seen. I think it's just coming way too late. I don't understand that there is a valid basis for not having filed it within the established motion deadline back in April of last year, some eight months ago. So I'm going to deny that and that will not be a claim in this case."

Transcript of proceedings held January 6, 1998 at p. 18.

The fact that Judge Parker denied as untimely plaintiff's motion to amend his complaint to assert a new claim, first made some eight months after the deadline and within six days of the beginning of trial, is not evidence of bias.

**Fifth.**

The <u>fifth</u> ground stated by plaintiff as evidence of bias is that plaintiff's proposed amended complaint sufficiently alleged a *per se* violation, but Judge Parker ruled that plaintiff could not amend his complaint without actually having read the proposed amended complaint. Plaintiff's attorney adequately informed Judge Parker of the theory of *per se* violation that plaintiff wanted to assert; Judge Parker's denial of the motion to amend was on the ground of untimeliness, not on the basis of insufficiency of the allegations of the proposed amended complaint. Even so, an adverse ruling is not evidence of bias. <u>In re American Ready Mix, Inc.</u>, 14 F.3d 1497, 1501 (10th Cir. 1994).

In this case, Judge Parker made rulings favoring the plaintiff and those rulings could not be considered bias against the defendant. For example, Judge Parker granted plaintiff's motion for an extension of time to respond to defendant's motion for summary judgment and later denied

10

the defendant's motion for summary judgment, thereby permitting plaintiff's case to proceed to trial. In the area of evidentiary rulings, Judge Parker precluded the defendant from offering in its case-in-chief evidence of the plaintiff's litigation history.

**Sixth.**

The sixth ground stated by plaintiff as evidence of bias was "Judge Parker's second reference to the alleged status of deponent as '. . . a disbarred lawyer . . .'" For this statement, plaintiff cites the transcript of the January 6, 1998 hearing, page 24, lines 13-16, which was at the end of a discussion about a change in the pretrial order that plaintiff wanted to make. The discussion was as follows:

> "THE COURT:         Okay. But what I'm concerned about is what Mr. Dimond wants to change in the pretrial order as submitted.
>
> MR. SPEER:         Your Honor, I wish very much that you would let Mr. Dimond take my place and tell you what he objects to because –
>
> THE COURT:         Well, we can't have two different people trying this lawsuit.
>
> MR. SPEER:         I know, that's why I want out.
>
> THE COURT:         Well, I will make that decision on Monday. I am distressed , frankly, that he is not here so we can get this all resolved well in advance of jury selection. What was his excuse for not being here?
>
> MR. SPEER:         I told him I would advise him to be here and I urged him to be here. He said, 'No, I won't do that.'
>
> MS. LAVENDAR:      May it please the Court. Mr. Dimond has yet to appear in front of a judge or magistrate in this case that I know of except for today's settlement conference. We had a hearing in front of Judge Deaton just, well, we had a hearing with this court where Mr. Speer had just entered his appearance and just maybe a week or so before that we had a hearing in front of Judge Deaton where Mr. Dimond was ordered to be there. I mean we had a court order. It said everybody show up for this hearing, and he didn't appear then.

THE COURT:    Well, we are not going to try this case with Mr. Dimond, who is a disbarred lawyer, taking one position and his attorney of record taking another. It's not going to work."

In the statement plaintiff contends is evidence of bias, Judge Parker simply was pointing out that the plaintiff, who himself had been a lawyer, and plaintiff's lawyer of record in the case, Mr. Speer, could not be making inconsistent arguments with respect to the plaintiff's position on a certain point. At most, this may be evidence of criticism of a party who had been a lawyer arguing differently from the lawyer he hired to represent him, or the court's frustration with that situation, but it is not evidence of bias against a party requiring disqualification. See In re American Ready Mix, Inc., 14 F.3d at 1501.

**Seventh and Eighth.**

It appears that the seventh and eighth grounds stated by plaintiff as evidence of bias again relate to Judge Parker's denial of the untimely motion to amend without reading the proposed amended complaint or exhibits plaintiff claims would support the amendment. Once more, the ruling that the motion to amend was made too late was not evidence of bias. (See the discussion of plaintiff's fourth and fifth grounds for recusal, supra).

**Ninth.**

The ninth ground stated by plaintiff as evidence of bias is that "No one inquired of the process server as to the amount of the witness fee and mileage fee tendered to deponent." Plaintiff concedes that when the process server handed him the subpoena requiring his attendance at the trial on January 12, 1998, plaintiff also received a forty dollar witness fee check, which he cashed. However, the check did not include an additional amount for mileage. Plaintiff apparently contends that Judge Parker's failure to "pick-up on that point" is evidence of bias.

At the beginning of trial on January 12, 1998, because plaintiff was not present in court and because counsel for the defendant had served a subpoena on plaintiff requiring his attendance, Raoul Huerta, the process server, was presented as a witness by defendant's counsel to verify the fact of service. Counsel for the defendant asked Mr. Huerta "Did you hand him a check for his appearance here today?" and Mr. Huerta responded "Yes." (Transcript of proceedings held January 12, 1998 at p. 5). Judge Parker then inquired whether the subpoena that Mr. Huerta had served on Mr. Dimond required his attendance in court at one o'clock on January 12 and Mr. Huerta responded "Yes, it says right here, 'January 12, one o'clock p.m.'" Judge Parker then asked Mr. Speer, the plaintiff's attorney, if he had any questions to ask of Mr. Huerta and Mr. Speer said that he did not. (Transcript of proceedings held January 12, 1998 at pp. 5-6). According to the uncontroverted testimony of Mr. Huerta, the process server, when he handed the subpoena and the check to Mr. Dimond, the plaintiff simply said "Thank you" and did not demand a fee for mileage in addition to the witness fee.

Plaintiff's contention that Judge Parker was lax in not personally conducting an inquiry of the process server that would have disclosed that the check presented to plaintiff at the time of service did not include a mileage fee, or that the court did not require defense counsel to ask questions that would have elicited that information, is not evidence of bias. Furthermore, the point is moot because the general rule is that parties may not collect witness and mileage fees. See Barber v. Ruth, 7 F.3d 636, 646 (7th Cir. 1993); Hodge v. Seiler, 558 F.2d 284, 287 (5th Cir.1977); Gillam v. A. Shyman, Inc., 31 F.R.D. 271, 273 (D. Alaska 1962); Picking v. Pennsylvania R. Co., 11 F.R.D. 71, 72 (M.D. Penn. 1951). See also C. WRIGHT, A. MILLER & M. KANE, 10 FEDERAL PRACTICE AND PROCEDURE Civil 3D § 2678, at 466 (1998).

**Tenth.**

The tenth ground stated by plaintiff as evidence of bias is that Judge Parker during the January 12, 1998 hearing at the beginning of trial made reference to the fact that plaintiff had been a practicing attorney for a period of time in the State of New York prior to having been disbarred. Plaintiff asserts that this statement by Judge Parker evidences bias because the disbarment had "occurred over thirty-two years before." The statement made by Judge Parker about the plaintiff having been a practicing attorney who had been disbarred was in Judge Parker's lengthy recitation of the chronology of events in this action and was said in connection with a motion to vacate discovery that plaintiff had filed at a time while he was representing himself. Judge Parker mentioned this to make the point that plaintiff had legal training, had experience as a practicing attorney in the past, and for awhile had served as his own attorney in this case. This is not evidence of judicial bias.

**Eleventh.**

The eleventh ground stated by plaintiff as evidence of bias is plaintiff's contention that "Judge Parker wrongly states that deponent gave no notice of filing bankruptcy." Plaintiff contends that Judge Parker made an incorrect statement because "Judge Parker had personal knowledge that deponent had, in fact, given notice" because "Judge Parker got this personal knowledge from the statement of bankruptcy trustee, (Document 94), who, on June 10, 1997" so reported. What Judge Parker said was the following:

> On May 8, 1997, the plaintiff, Robert Dimond, filed a Chapter VII bankruptcy, but gave no notice to the Court or to counsel in this case of having done so. I also note that this was not the first personal bankruptcy that Mr. Dimond had filed. He had done so previously.

Transcript of proceedings held January 12, 1998 at p. 9.

Judge Parker was simply pointing out that <u>at the time</u> the plaintiff filed his Chapter 7

bankruptcy action on May 8, 1997, he did not notify the court or counsel of having done so,

although this was not the first time plaintiff had filed bankruptcy and he should have known of the

obligation to notify a court in which he was a party of the bankruptcy filing, which would

automatically stay the proceeding. Judge Parker learned from United States Magistrate Judge

William Deaton that plaintiff had filed bankruptcy on May 8, 1997, and upon receiving that

information entered an order on May 28, 1997 requiring the plaintiff's bankruptcy trustee to file a

statement of whether the trustee intended to abandon the plaintiff's claims in this action as an

asset of the bankruptcy estate. The statement made by Judge Parker that on May 8, 1997 the

plaintiff filed his bankruptcy without advising the court was simply to set forth one additional

piece of the chronology showing that plaintiff was not participating in this action in a manner that

a litigant should. This does not demonstrate judicial bias.

**<u>Twelfth</u>.**

The <u>twelfth</u> ground stated by plaintiff as evidence of bias is that Judge Parker mentioned

plaintiff's previous bankruptcy. As indicated in regard to plaintiff's Eleventh Ground, Judge

Parker mentioned this simply to observe that plaintiff, because of his prior personal experience,

was familiar with bankruptcy proceedings. This is not evidence of judicial bias.

**Thirteenth.**

The thirteenth ground stated by plaintiff as evidence of bias is Judge Parker's omission from his statement of the chronology of events in this action, recited at the beginning of trial on January 12, 1998, the fact that plaintiff had stated in a pleading that he had undergone open heart surgery in January, 1997 and further surgery in March, 1997. The court does not understand plaintiff to contend that the surgery he had during early 1997 in any way prevented him from attending the trial on January 12, 1998. The chronology stated on the record by Judge Parker on January 12, 1998 did not go into detail about the arguments of the parties regarding each event mentioned in the chronology. The omission of reference to the plaintiff's surgery in early 1997 is not evidence of judicial bias.

**Fourteenth.**

The fourteenth ground stated by plaintiff as evidence of bias was that Judge Parker unfairly indicated that plaintiff caused delay in a decision on the defendant's motion for summary judgment whereas Judge Parker himself delayed ruling until some seven months after the motion had been made. The chronology as reflected by the record is as follows:

- April 15, 1997, defendant filed its motion for summary judgment.

- April 24, 1997, plaintiff filed a motion to extend the fourteen-day response time from approximately April 29, 1997 to June 2, 1997.

- May 8, 1997, defendant filed a response objecting to plaintiff's motion for an extension to June 2, 1997.

- May 12, 1997, plaintiff filed a memorandum supporting his motion for an extension of time until June 2, 1997 to respond to defendant's motion for summary judgment.

- May 16, 1997, order entered by Judge Parker granting plaintiff's motion for

extension of time to June 2, 1997.

- June 2, 1997, plaintiff filed response to defendant's motion for summary judgment.

- June 16, 1997, defendant filed a reply to plaintiff's response.

- June 25, 1997, plaintiff served on defendant a motion for leave to file a surreply regarding defendant's motion for summary judgment.

- July 8, 1997, date of original trial setting.

- July 28, 1997, filing of plaintiff's motion for leave to file surreply as a motion package along with defendant's response and plaintiff's reply.

- November 18, 1997, Judge Parker entered an order ruling in favor of the plaintiff and denying the defendant's motion for summary judgment and rescheduling the trial on January 12, 1998.

Although it is true, as plaintiff stated, that Judge Parker decided defendant's motion for summary judgment in favor of plaintiff seven months after defendant had filed the motion, an earlier ruling was delayed (1) by Judge Parker granting plaintiff's request for an extension of more than a month of the deadline for plaintiff to respond to the motion, and (2) by plaintiff serving a motion for leave to file a surreply shortly before the trial setting of July 8, 1997. The defendant's motion for summary judgment was decided, favorably to the plaintiff, approximately three and a half months after completion of the briefing of plaintiff's motion to file a surreply. While this is longer than the court would like to take in deciding such motions, it does not amount to evidence of judicial bias, especially because the motion was decided in plaintiff's favor.

**Fifteenth.**

The fifteenth ground stated by plaintiff as evidence of bias is that the pretrial order identified witnesses in addition to the plaintiff who would testify in support of his case. Although it is not clear, plaintiff apparently is arguing that Judge Parker's statement at the beginning of trial

on January 12, 1998 that plaintiff, Robert Dimond, was the only witness identified in support of

his case was an incorrect statement and that statement thus showed bias.  Although the pretrial

order was filed January 12, 1998, the date in the lower right hand corner of each page shows that

it was prepared January 5, 1998.  Page 14 of the pretrial order states the following regarding

plaintiff's witnesses:

> A.  Plaintiff's witnesses:  (1) Plaintiff will call or have available at trial the following witnesses: Robert Dimond.  (2) Plaintiff may call the following witnesses: Choe Tapia. Plaintiff may call any witnesses named herein by defendant.

However, on the day of trial, January 12, 1998, plaintiff filed "Plaintiff's Witness List"

(Docket No. 138) and served a copy on counsel for the defendant, which identified "Robert

Dimond" as plaintiff's only witness.  At the beginning of the trial on January 12, 1998, the court

inquired as to whether Robert Dimond would be the only witness to testify in support of his

claims:

> THE COURT:          . . . First let me ask Mr. Speer, I need to confirm that the plaintiff's sole witness was going to be the plaintiff himself; is that correct?

> MR. SPEER:          That's correct, Your Honor.  He hasn't mentioned anyone else. There were a couple of witnesses that he once expressed an interest in getting in touch with, but he did not.  I contacted one of them and found that he was fairly opposed to Mr. Dimond's position.

> THE COURT:          All right.  And the only name that appears on the plaintiff's witness list is Robert Dimond, the plaintiff?

> MR. SPEER:          That is correct, Your Honor.

Transcript of proceedings held January 12, 1998 at pp. 6-7.

Although the pretrial order did identify a "Choe Tapia" as a "may call" witness, that was

superseded by the trial witness list filed on the day of trial which identified only "Robert Dimond"

as the plaintiff's witness.  That was confirmed by Judge Parker inquiring of counsel before making that finding.  Hence, Judge Parker's statement that Robert Dimond was the only witness to testify on his behalf was accurate and is not evidence of bias.

**Sixteenth.**

The sixteenth ground stated by plaintiff as evidence of bias involves the court's handling of John Speer's motion to withdraw as plaintiff's attorney.  Plaintiff claims that "Under the local court rules, deponent was denied due process and Judge Parker ignored the requirements of the local rules . . ."

District of New Mexico Local Rule 83.8(b) deals with contested motions to withdraw and states that "The attorney must give notice in the motion that objections must be served and filed within fourteen calendar days from the date of the service of the motion and the failure to object within this time constitutes consent to grant the motion."  Although it is not clear, plaintiff appears to be arguing that his attorney's motion to withdraw did not inform him that plaintiff would have fourteen calendar days within which to object to it.  The written motion to withdraw filed January 7, 1998 simply stated that John B. Speer asked leave to withdraw as attorney for the plaintiff and that the motion will be heard by Judge Parker at 1:00 p.m., Monday, January 12, 1998.  (Docket No. 129).  Two days later, on January 9, 1998, plaintiff Robert Dimond personally filed "Plaintiff's Opposition Papers to the Motion to Withdraw by His Attorney of Record" (Docket No. 130) and "Plaintiff's Memorandum Brief Opposing the Motion by Plaintiff's Attorney to Withdraw" (Docket No. 131).  It is difficult to understand how plaintiff could have been denied due process by the failure of the written motion to state, as Local Rule 83.8(b) requires, that objections to the motion must be filed by the client within fourteen days because

plaintiff in fact filed his objections two days later on January 9. If plaintiff is arguing that he did not have an opportunity to be heard regarding the motion to withdraw, that is contrary to what occurred. Plaintiff had been told to be present at the call of the trial calendar and final pretrial conference on January 6, 1998. However, plaintiff did not attend even though earlier on January 6, 1998 he had been at a hearing before Judge Deaton in the same courthouse where the pretrial conference was held. During the January 6, 1998 conference, John Speer orally moved to withdraw as plaintiff's lawyer, but Judge Parker refused giving him permission to do so because plaintiff Robert Dimond was not present to state his position. At the January 6, 1998 conference, Judge Parker specifically stated that he had not ruled on Mr. Speer's motion to withdraw, that it would be heard on January 12, 1998, and that Attorney John Speer would have to continue to prepare for trial and be ready to select a jury and go to trial on January 12, 1998 in case Mr. Speer was not allowed to withdraw. The court made it clear that Mr. Speer's motion to withdraw would not be granted without affording the plaintiff Robert Dimond an opportunity to be heard. Mr. Speer's written motion to withdraw specifically notified plaintiff Robert Dimond that the motion would be heard at 1:00 p.m. on January 12, 1998. The motion was not granted until after plaintiff Robert Dimond failed to appear at the hearing and trial on January 12, 1998 despite having been subpoenaed to be there. It is difficult to see how this constitutes a denial of due process; it certainly is not evidence of judicial bias.

**Seventeenth.**

The seventeenth and final ground stated by plaintiff as evidence of bias is that "Judge Parker ignored several references to the settlement deponent had authorized Speer to make in response to an offer from Lavendar." Apparently plaintiff does not dispute that the defendant's

offer of settlement was conditioned on plaintiff executing and returning settlement documents by the deadline of January 9, 1998. In regard to his seventeenth ground of bias, plaintiff notes that counsel for the defendant had an entry in her time records indicating that Mr. Speer had reported on January 8, 1998 that plaintiff had accepted the defendant's settlement offer. However, those time records also indicate that the settlement documents were not signed by the plaintiff and returned to counsel for the defendant by the deadline placed on the offer. Instead, the time records indicate that because neither the plaintiff nor his counsel had returned the executed settlement agreement by the deadline, counsel for the defendant was proceeding to prepare for trial. Moreover, on January 9, 1998 the date of the deadline for returning the signed settlement papers, plaintiff personally filed two documents in opposition to Mr. Speer's motion to withdraw in which plaintiff made no mention of the case having been settled; instead, plaintiff spoke of the need for additional time to continue preparation for trial.

First, it should be observed that the time entries referred to by plaintiff regarding the seventeenth ground of bias are set forth in an exhibit attached to defendant's motion for attorneys fees and costs filed January 22, 1998, ten days _after_ the court had dismissed plaintiff's case under Rule 41(b). At the time of the dismissal on January 12, 1998, the court was not even aware of these time entries. It is not clear when plaintiff contends that Judge Parker ignored the references to the settlement as reflected in the time entries. In any event, this does not amount to evidence of bias.

**III.    Conclusion**

Plaintiff's affidavit, filed June 14, 1999 under 28 U.S.C. §144, was not timely.  Moreover, the affidavit did not set forth grounds sufficient to show bias and a basis for disqualification. Instead, Plaintiff's affidavit set forth a list of adverse rulings and statements made regarding information gained by the trial judge during the course of litigation rather than from some extrajudicial source.  Such grounds form an insufficient basis for disqualification of the trial judge. United States v. Grinnell Corp., 384 U.S. 563, 583 (1966); In re American Ready Mix, Inc., 14 F.3d 1497, 1501 (10th Cir. 1994); Aspinall v. United States, 984 F.2d 355 (10th Cir. 1993).


_____

**UNITED STATES DISTRICT JUDGE**